### 3349.  CARR *v.* THE STATE.

There was no error in overruling the general demurrer; and the special demurrer was not well taken.

DECIDED NOVEMBER 7, 1911.

Indictment for embezzlement; from Jeff Davis superior court—Judge Conyers. March 3, 1911.

The indictment charged that on the 14th day of February, 1911, C. D. Carr, "being a servant and employee employed in a station and office of Georgia and Florida Railway, a corporate body in the State of Georgia, to wit, station agent at Hazlehurst in said State and county of said railway, and, as such servant, agent, and em-

ployee, having collected for said railway, from sale of tickets and for freight charges, certain sums of money, the property of said railway, amounting to $1,035.05, of the value of $1,035.05, said sums of money collected on the 12th day of December, 1910, and on dates from then up to the 14th day of February, 1911, did embezzle, steal, secrete, and fraudulently carry away the money collected as aforesaid described, contrary to the laws of said State," etc.

The demurrer was on the following grounds: (1) The allegations in the indictment constitute no offense, "for the reason that the law for embezzlement in said State under which the defendant is indicted is illegal and void, and is not a proper legal statute or law of said State." (2) The indictment is based on section 186 of the Penal Code, which is as follows: "Any officer, servant, or other person employed in any department, station, or office in any bank or other corporate body in this State, or any president, director, or stockholder of any bank or other corporate body in this State, who shall embezzle, steal, secrete, or fraudulently take and carry away any money, paper, book, or other property or effects, shall be punished," etc.; which code section is illegal and void, and contrary to the spirit, intendment, and reason of the constitution and public laws of said State, in that it is thereby sought to make the acts designated constitute the crime of embezzlement without regard to whether the thing taken is the property of the corporate body referred to, or of some other person, and disconnected with the corporate body; also, in that the said code section seeks to make the crime of embezzlement complete without regard to any fiduciary relation between the person taking and the property taken and the owner; and any statute which seeks to make that embezzlement which is not founded upon a fiduciary relation is illegal and in violation of the spirit and meaning of the constitution and public laws of the State and of the public policy of the government. (3, 4) The third and fourth grounds are, in substance, that the said code section is class legislation, for the reasons stated above. (5) The indictment does not allege with sufficient particularity the date, the amounts, and from whom the collections were made; the allegations are too vague, indefinite, and uncertain to apprise the defendant of the specific amounts constituting the $1,035.05 alleged to have been collected.

The demurrer was overruled generally.

*W. W. Bennett, J. C. Bennett,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

RUSSELL, J. Carr was indicted under section 186 of the Penal Code of 1910. The indictment is substantially in the language of the code section, but the defendant's general demurrer raises the contention that the statute itself is illegal, void, and unconstitutional. Nowhere does .the demurrer refer to any provision of the constitution of which the statute is violative, and this is the only way in which a decision of the question can properly be invoked. It does not appear clearly from the order whether the judge passed on the special demurrer, but it is without merit.

*Judgment affirmed.*